■ In the Matter of INCORPORATED VILLAGE OF WEST HAMPTON DUNES, Appellant, v H. CARL McCALL, as State Comptroller, Respondent. [734 NYS2d 689] —Rose, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 1, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent, *inter alia*, withholding State aid from petitioner for the 1998-1999 fiscal year.

Pursuant to State Finance Law § 54-a (1) authorizing the withholding of State aid when a village exceeds its constitutional real property tax limit, respondent preliminarily determined that petitioner, newly incorporated in November 1993, had exceeded its taxing authority for the 1998-1999 fiscal year based upon a computation using its 1994, 1995 and 1996 assessment rolls and equalization rates in effect on April 21, 1998, when petitioner adopted its 1998-1999 budget. In August 1998, the Office of Real Property Services (hereinafter ORPS) corrected the 1995 and 1996 equalization rates by reducing them. In June 1999, despite these reductions, respondent used the uncorrected equalization rates for 1995 and 1996 in making a final determination withholding State aid in the amount by which petitioner had exceeded its constitutional tax limit. Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul respondent's determination. Finding that respondent's determination was not illegal, arbitrary or capricious, Supreme Court dismissed the petition. Petitioner appeals.

The amount of real property taxes that may be raised by a village in any fiscal year is constitutionally limited to 2% of the average full calculation of the village's taxable real estate (*see*,

NY Const, art VIII, § 10), a calculation that is made by taking the assessed valuations of taxable real estate on the "last completed assessment rolls and the four preceding rolls of such * * * village * * * and applying thereto. the ratio which such assessed valuation on each of such rolls bears to the full valuation" (NY Const, art VIII, § 10 [e]). For its part, ORPS is charged with establishing the equalization rate for each final assessment roll prepared by a village (see, Real Property Tax Law § 1202 [1] [a]).

Initially, we find no merit to petitioner's contention that its 1997 assessment roll should have been utilized by respondent. Although ORPS established an equalization rate for petitioner's 1997 assessment roll in May 1998 and a corrected rate in August 1998, neither rate was established prior to adoption of petitioner's 1998-1999 budget in April 1998. Since the last completed assessment roll "shall be the latest roll for which a state equalization rate shall have been established" (Local Finance Law § 2.00 [7-a]) and determination of the last completed assessment roll "shall be made on or before the date upon which the amount to be raised by tax on real estate * * * is actually determined" (General Construction Law § 61), respondent's decision to use only petitioner's 1994, 1995 and 1996 assessment rolls was neither arbitrary nor irrational.

Contrary to respondent's contention, however, neither General Construction Law § 61 nor Local Finance Law § 2.00 (7-a) mandates the use of the equalization rate literally in effect on or before adoption of petitioner's budget. Rather, respondent was obligated to use "the equalization rates established by the authorized state officer or agency for such [assessment] rolls" (Local Finance Law § 2.00 [7-a]). Since ORPS had corrected the applicable rates and petitioner had called these corrections to respondent's attention well before respondent made a final determination, we find that his decision to knowingly use erroneous rates in making his determination was arbitrary and irrational (see, Paramount Communications v Gibraltar Cas. Co., 90 NY2d 507, 513-514). Accordingly, we reverse Supreme Court's judgment and annul respondent's determination. Given this ruling, it is not necessary to examine petitioner's other contentions.

Cardona, P. J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.